**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THERESA ANDRUILLI, JANE DOE, individually and on behalf of all others similarly situated, | Case No. 7:19-cv-05165 |
| Plaintiffs, | Hon. Vincent L. Briccetti |
| v. | |
| DANONE NORTH AMERICA, LLC, | |
| Defendant. | |

**DANONE US, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

Danone US, LLC, erroneously sued as Danone North America, LLC, ("Danone"), by and through its attorneys, responds to the allegations in the numbered paragraphs in the First Amended Complaint ("FAC") as follows:

1.      Danone admits that it manufactures, distributes, markets, labels and sells yogurt products labeled to be flavored by vanilla, under the Oikos brand including the Tripe Zero and Fabulously Fat Free varieties. Any allegation in Paragraph 1 not specifically admitted is denied.

2.      Danone admits that the Products are available to consumers from retail and online stores of third-parties. Any allegation in Paragraph 2 not specifically admitted is denied.

3.      Danone admits that images of the front label included in the FAC contain a vignette of the flower of a vanilla plant. To the extent that Paragraph 3 of the FAC seeks to characterize the images in the FAC, those images speak for themselves. However, Danone denies the allegations of Paragraph 3 to the extent they are inconsistent with the images in the FAC.

4.      Danone admits that the image of the Products' ingredient lists included in the FAC includes the words "Natural Flavors." To the extent that Paragraph 4 of the FAC seeks to characterize the images in the FAC, those images speak for themselves. However, Danone denies the allegations of Paragraph 4 to the extent they are inconsistent with the images in the FAC.

5.      Danone admits that Vanilla is a favorite yogurt flavor to some. To the extent that the allegations of Paragraph 5 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Danone neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 and on that basis denies them.

6.      Danone denies that the Products contain less real vanilla flavor than their name suggests.  Danone also denies each and every remaining allegation in Paragraph 6 of the FAC.

7.      Danone admits that *V. planifolia* is a species of vanilla orchid and can be the source of vanilla flavor.  To the extent that Paragraph 7 paraphrases or characterizes sections of the United States Code of Federal Regulations, those allegations are legal conclusions or questions of law and the regulations speak for themselves.  However, Danone denies the allegations of Paragraph 7 to the extent they are not consistent with the regulations.

8.       Danone admits that vanilla has desirable flavor attributes and it is a common ingredient used in the global marketplace. To the extent that the allegations in Paragraph 8 quote from, paraphrase, or characterize a third party written document, that document speaks for itself and Danone neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 and on that basis denies them.

9.      To the extent that the allegations in Paragraph 9 quote from, paraphrase, or characterize third party written documents, those documents speak for themselves and Danone neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and on that basis denies them.

10.     To the extent that the allegations in Paragraph 10 quote from, paraphrase, or characterize third party written documents, those documents speak for themselves and Danone neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and on that basis denies them.

11.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 11 of the FAC and on that basis denies each and every allegation in Paragraph 11.

12.      To the extent that the allegations in Paragraph 12 quote from, paraphrase, or characterize third party written documents, those documents speak for themselves and Danone

neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and on that basis denies them.

13.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 13 of the FAC and on that basis denies them.

14.     To the extent that the allegations in Paragraph 14 quote from, paraphrase, or characterize third party written documents, those documents speak for themselves and Danone neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and on that basis denies them.

15.     Danone lacks sufficient knowledge or information to form a belief as to whether "food fraud [is] regularly employed across the spectrum of valuable commodities in today's interconnected world" and denies those allegation on that basis.  To the extent that the allegations in Paragraph 15 quote from, paraphrase, or characterize third party written documents, those documents speak for themselves.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and on that basis denies them.

16.     Answering the allegations in Paragraph 16 of the FAC, Danone admits that "Gas chromatography-mass spectrometry ('GC-MS') is an analytical method.  Danone further denies each and every remaining allegation in Paragraph 16 of the FAC.

17.     To the extent that the allegations in Paragraph 17 seek to paraphrase or characterize Exhibit A to the FAC, that document speaks for itself.  However, Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method capable of detecting vanillin, p-hydroxybenzaldehyde, vanillic acid, or p-hydroxybenzoic acid, and on that basis denies the conclusions and finding contained in Exhibit A. Danone otherwise lacks sufficient knowledge or information to form a belief regarding the

process by which Plaintiff purports to have conducted an analysis of the Products and on that

basis denies each and every allegation in Paragraph 17.

18.     To the extent that the allegations in Paragraph 18 seek to paraphrase or

characterize any information contained in Exhibit A to the FAC, that document speaks for itself.

However, Danone denies that the analysis purported to have been conducted on the Products is a

reliable scientific or analytical method, and on that basis denies the conclusions and finding

contained in Exhibit A.  Danone otherwise lacks sufficient knowledge or information to form a

belief regarding the process by which Plaintiff purports to have conducted an analysis of the

Products and on that basis denies each and every allegation in Paragraph 18.

19.     To the extent that the allegations in Paragraph 19 seek to paraphrase or

characterize Exhibit A to the FAC, that document speaks for itself. However, Danone denies that

the analysis purported to have been conducted on the Products is a reliable scientific or analytical

method, and on that basis denies the conclusions and finding contained in Exhibit A.  Danone

otherwise lacks sufficient knowledge or information to form a belief regarding the process by

which Plaintiff purports to have conducted an analysis of the Products and on that basis denies

each and every allegation in Paragraph 19.

20.     Danone denies that the analysis purported to have been conducted on the Products

is a reliable scientific or analytical method.  Danone lacks sufficient knowledge or information to

form a belief as the process by which Plaintiff purports to have conducted an analysis of the

Products and on that basis denies each and every allegation in Paragraph 20.

21.     Danone admits that a mass spectrometer has the ability to calculate a mass-to-

charge ratio. However, Danone lacks sufficient knowledge or information to form a belief as the

process by which Plaintiff purports to have conducted an analysis of the Products and on that

basis denies each and every allegation in Paragraph 21.  Danone denies that the GC-MS analysis purported to have been conducted on the Products is a reliable scientific or analytical method.

22.     Danone denies that a M/Z ratio is "like a fingerprint of the molecule." To the extent that the allegations in Paragraph 22 seek to paraphrase or characterize Exhibit A to the FAC, that document speaks for itself. Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method, and on that basis denies the conclusions and finding contained in Exhibit A.  Danone otherwise lacks sufficient knowledge or information to form a belief as the process by which Plaintiff purports to have conducted an analysis of the Products and on that basis denies each and every allegation in Paragraph 22.

23.     To the extent that the allegations in Paragraph 23 seek to paraphrase or characterize Exhibit A to the FAC, that document speaks for itself.  Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A.  Danone otherwise lacks sufficient knowledge or information to form a belief as the process by which Plaintiff purports to have conducted an analysis of the Products and on that basis denies each and every allegation in Paragraph 23.

24.     To the extent that the allegations in Paragraph 24 seek to paraphrase or characterize Exhibit A to the FAC, that document speaks for itself.  Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A.  Danone otherwise lacks sufficient knowledge or information to form a belief as the process by which Plaintiff purports to have conducted an analysis of the Products and on that basis denies each and every allegation in Paragraph 24.

25. To the extent that the allegations in Paragraph 25 seek to paraphrase or characterize Exhibit A to the FAC, that document speaks for itself.  Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A.  Danone otherwise lacks sufficient knowledge or information to form a belief as the process by which Plaintiff purports to have conducted an analysis of the Products and on that basis denies each and every allegation in Paragraph 25.

26. To the extent that the allegations in Paragraph 26 seek to paraphrase or characterize Exhibit A to the FAC, that document speaks for itself.  Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A.  Danone further denies that that the relative amounts of the "four marker compounds" are an indicator of whether the vanilla flavor is derived from real vanilla or merely compounds designed to imitate and simulate vanilla.

27. Danone denies each and every allegation in Paragraph 27 of the FAC. Danone also denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A

28. Danone denies each and every allegation in Paragraph 28 of the FAC. Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A.

29. Danone denies each and every allegation in Paragraph 29 of the FAC. Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and on that basis denies the conclusions and finding contained in Exhibit A

30.     Danone denies each and every allegation in Paragraph 30 of the FAC.

31.     Danone denies each and every allegation in Paragraph 31 of the FAC. Danone

denies that the analysis purported to have been conducted on the Products is a reliable scientific

or analytical method and on that basis denies the conclusions and finding contained in Exhibit A

32.     Danone denies that "piperonal" is a synthetic flavoring substance.  To the extent

that the allegations in Paragraph 32 seek to quote, paraphrase or characterize a written document,

that written document speaks for itself. Danone otherwise lacks sufficient knowledge or

information of the written document to admit or deny the allegations in Paragraph 32 and on that

basis denies them.

33.     Danone denies that "maltol" is a synthetic flavor.  To the extent that the

allegations in Paragraph 33 seek to quote, paraphrase or characterize a written document, that

written document speaks for itself. Danone otherwise lacks sufficient knowledge or information

of the written document to admit or deny the allegations in Paragraph 33 and on that basis denies

them.

34.     To the extent that Plaintiffs intended to refer to vanillyl ethyl ether, Danone

admits that vanillyl ethyl ether has been found in real vanilla. Danone otherwise lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 34 and on that basis

denies them. Danone denies the each and every remaining allegation in Paragraph 34 of the

FAC.

35.     To the extent that Plaintiffs intended to refer to vanillyl ethyl ether, Danone

admits that vanillyl ethyl ether has been found in real vanilla. Danone otherwise lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 35 and on that basis

denies them. Danone denies the each and every remaining allegation in Paragraph 35 of the

FAC.

36.     Paragraph 36 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 36 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 36 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 36.

37.     Paragraph 37 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 37 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 37 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 37.

38.     Paragraph 38 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 38 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 38 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 38.

39.     Danone denies that the amount of vanilla is insufficient to independently characterize the Products.  Danone denies each and every remaining allegation in Paragraph 39 of the FAC.

40.     Paragraph 40 contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 40 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 40 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 40.

41.     Paragraph 41 contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 41 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves. However, to the extent Paragraph 41 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 41.

42.     Paragraph 42 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 42 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 42 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 42.

43.     Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method and therefore denies any findings or conclusions of the purported GC-MS analysis purportedly conducted on the Products. Danone expressly denies that "none of the natural flavor used in the food is derived from the product whose flavor is simulated."  Paragraph 42 of Plaintiffs' FAC also contains legal conclusions and questions of law, and to that extent does not require an answer.

44.     Danone denies that the Products are required to be labeled as "artificially flavored." Paragraph 44 also contains legal conclusions and questions of law, and to that extent does not require an answer.  To the extent Paragraph 44 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves. However, to the extent Paragraph 44 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 44.

45.     Danone denies each and every allegation in Paragraph 45 of the FAC.

46.     Paragraph 46 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer.  To the extent Paragraph 46 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 46 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 46.

47.     Paragraph 47 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer.  To the extent Paragraph 47 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 47 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 47.

48.     Answering Paragraph 48, Danone denies that the Products either contain a trace amount of vanilla not detectable by advanced scientific means or contain no vanilla.  Paragraph 48 of Plaintiffs' FAC also contains legal conclusions and questions of law, and to that extent does not require an answer.

49.     Danone denies each and every allegation in Paragraph 49 of the FAC.

50.     Danone admits that the Products taste like vanilla. Danone denies each and every remaining allegation in Paragraph 50 of the FAC.

51.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 51 of the FAC and on that basis denies each and every allegation in paragraph 51.

52.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 52 of the FAC and on that basis denies each and every allegation in paragraph 52.

53.     To the extent that the allegations in paragraph 53 seek to quote, paraphrase, or characterize the content of a written document, that document speaks for itself and Danone neither admits nor denies those allegations.  Danone otherwise lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 and on that basis denies them.

54.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 54 of the FAC and on that basis denies them.

55.     Paragraph 55 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer.

56.     Danone admits that the ingredients used for yogurt are required to be declared consistent with applicable federal statutes and regulations. Paragraph 56 of Plaintiffs' FAC also contains legal conclusions and questions of law and to that extent does not require an answer.  To the extent Paragraph 56 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 56 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 56.

57.     Paragraph 57 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer. To the extent Paragraph 57 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 57 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 57.

58.     Paragraph 58 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer. To the extent Paragraph 58 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak

for themselves.  However, to the extent Paragraph 58 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 58.

59.     Paragraph 59 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer. To the extent Paragraph 59 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 59 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 59.

60.     Paragraph 60 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer. To the extent Paragraph 60 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations, the regulations speak for themselves.  However, to the extent Paragraph 60 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 60.

61.     Danone denies that "'Natural Flavor' is neither an accurate or truthful name for an ingredient that purports to be 'vanilla with other natural flavors.'"  Danone denies that the analysis purported to have been conducted on the Products is a reliable scientific or analytical method, and on that basis denies the conclusions and finding contained in Exhibit A.  Danone otherwise lacks sufficient knowledge or information to form a belief regarding the process by which Plaintiff purports to have conducted an analysis of the Products and on that basis denies each and every allegation in Paragraph 61.  Paragraph 61 of Plaintiffs' FAC also contains legal conclusions and questions of law and to that extent does not require an answer.

62.     Paragraph 62 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer. To the extent Paragraph 62 seeks to quote, paraphrase or characterize the United States Code of Federal Regulations or the Kansas State Board of Health Bulletin, those materials speak for themselves.  However, to the extent

Paragraph 62 does not accurately reflect the regulations, Danone denies each of the allegations contained in Paragraph 62.  Danone otherwise lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 62 and on that basis denies them.

63.     Paragraph 63 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer.  To the extent Paragraph 63 seeks to quote, paraphrase or characterize an attachment to the FAC, that document speaks for itself.  Danone otherwise lacks sufficient knowledge or information to form a belief as to Exhibit B to the FAC and on that basis denies the allegations of Paragraph 63.

64.     Paragraph 64 of Plaintiffs' FAC contains legal conclusions and questions of law and to that extent does not require an answer.  To the extent Paragraph 64 seeks to quote, paraphrase or characterize an attachment to the FAC, that document speaks for itself.  Danone otherwise lacks sufficient knowledge or information to form a belief as to Exhibit C to the FAC and on that basis denies the allegations of Paragraph 64.

65.     Answering the allegations in Paragraph 65 of Plaintiffs' FAC, Danone admits that certain of the Products contain beta carotene or vegetable juice.  Danone denies each and every remaining allegation in Paragraph 65.

66.     Danone denies each and every allegation in Paragraph 66 of the FAC.

67.     Danone denies each and every allegation in Paragraph 67 of the FAC.

68.     Answering the allegations in Paragraph 68 of Plaintiffs' FAC, Danone admits that the Products contain vanilla. Danone denies each and every remaining allegation in Paragraph 68.

69.     Danone denies each and every allegation in Paragraph 69 of the FAC.

70.     Danone Denies each and every allegation in Paragraph 70 of the FAC.

71.     Danone denies each and every allegation in Paragraph 71 of Plaintiffs' FAC.

72.     Answering the allegations in Paragraph 72 of the FAC, Danone denies that there is or was any "false or misleading labeling" of the Products or that the Products are or were sold at a price premium based on any purported "false and misleading labeling."  To the extent that the allegations in Paragraph 72 contain legal conclusions or questions of law, the allegations do not require an answer.

## Jurisdiction and Venue

73.     Paragraph 73 of Plaintiffs' FAC sets forth Plaintiffs' jurisdiction allegations that present legal conclusions and questions of law, and to that extent does not require an answer. To the extent that the allegations in Paragraph 73 of the FAC require an answer, Danone denies each and every allegation in Paragraph 73 of the FAC.

74.     Paragraph 74 of Plaintiffs' FAC sets forth Plaintiffs' jurisdiction allegations that present legal conclusions and questions of law, and to that extent does not require an answer. To the extent that the allegations in Paragraph 74 quote from, paraphrase, or characterize third party written documents, those documents speak for themselves and Danone neither admits nor denies those allegations.

75.     Paragraph 75 of Plaintiffs' FAC sets forth Plaintiffs' jurisdiction allegations that present legal conclusions and questions of law, and to that extent does not require an answer.

76.     Danone admits that the Products are sold in many stores across all 50 states. Danone denies each and every remaining allegation in Paragraph 76.

77.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 77 of the FAC and on that basis denies each and every allegation in Paragraph 77.

78.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 78 of the FAC and on that basis denies each and every allegation in Paragraph 78.

79.     Danone admits that Danone U.S. LLC is a Delaware limited liability company operating in White Plains, Westchester County, New York.

80.     Danone denies the allegations of Paragraph 80.

81.     Paragraph 81 of Plaintiffs' FAC contains legal conclusions, and to that extent does not require an answer. To the extent the allegations in Paragraph 81 require an answer, Danone admits its state of formation is Delaware and it is operating in New York.

82.     Paragraph 82 of Plaintiffs' FAC sets forth Plaintiffs' jurisdiction allegations that present legal conclusions and questions of law, and to that extent does not require an answer.

83.     Admitted.

84.     Danone admits that it does business in this District and State. Danone lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 84 of the FAC and on that basis denies them.

85.     Danone denies the allegations in Paragraph 85 of the FAC.

**<u>Parties</u>**

86.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 86 of the FAC and on that basis denies each and every allegation in Paragraph 86.

87.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 87 of the FAC and on that basis denies each and every allegation in Paragraph 87.

88.     Paragraph 88 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer. To the extent the allegations in Paragraph 88 require an answer, Danone admits that it is a Delaware limited liability company with operations in White Plains, Westchester County, New York.

89.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 89 of the FAC and on that basis denies each and every allegation in Paragraph 89.

90.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 90 of the FAC and on that basis denies each and every allegation in Paragraph 90.

### Class Allegations

91.     Danone denies each and every allegation in Paragraph 91 of the FAC.

92.     Danone denies each and every allegation in Paragraph 92 of the FAC.

93.     Danone denies each and every allegation in Paragraph 93 of the FAC.

94.     Danone denies each and every allegation in Paragraph 94 of the FAC.

95.     Danone denies each and every allegation in Paragraph 95 of the FAC.

96.     Danone denies each and every allegation in Paragraph 96 of the FAC.

97.     Danone lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 97 of the FAC and on that basis denies each and every allegation in Paragraph 97.

98.     Danone denies Plaintiffs are entitled to injunctive relief and denies each and every allegation in Paragraph 98 of the FAC.

**New York GBL and Consumer Protection Statutes of Other State and Territories**

99.     Paragraph 99 of Plaintiffs' FAC contains legal conclusions, and to that extent does not require an answer.

100.    Danone denies each and every allegation in Paragraph 100.

101.    Danone lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 101 of the FAC and on that basis denies each and every allegation in paragraph 101.

102.    Danone denies each and every allegation in Paragraph 102.

103.    Danone denies each and every allegation in paragraph 103 of the FAC.

**Negligent Misrepresentation**

104.    Danone incorporates by reference and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-103 above.

105.    Danone denies each and every allegation in Paragraph 105 of the FAC.

106.    Danone denies each and every allegation in Paragraph 106 of the FAC.

107.    Danone denies each and every allegation in Paragraph 107 of the FAC.

108.    Danone denies each and every allegation in Paragraph 108 of the FAC.

109.    Danone denies each and every allegation in Paragraph 109 of the FAC.

110.    Answering Paragraph 110, Danone denies that the "true facts" were not known to Plaintiffs or any putative class member.  Danone also denies that Plaintiffs or any putative class member suffered any injury or entitled to any damages.  Danone lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 110 of the FAC and on that basis denies each and every allegation in Paragraph 110.

**Breach of Warranties**

111.     Danone incorporates by reference and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-110 above.

112.     Danone admits that it manufactures and sells the Products. Danone further admits that the Products contain vanilla in an amount sufficient to independently characterize the Products. Danone denies each and every remaining allegation in Paragraph 112 of the FAC.

113.     Danone denies each and every allegation in Paragraph 113 of the FAC.

114.     Paragraph 114 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer.

115.     Danone denies each and every allegation in Paragraph 115 of the FAC.

116.     Danone denies each and every allegation in Paragraph 116 of the FAC.

117.     Danone denies each and every allegation in Paragraph 117 of the FAC.

118.     Danone denies that the Products do not conform to their affirmations or that the Products were not merchantable.

119.     Paragraph 119 of Plaintiffs' FAC contains legal conclusions and questions of law, and to that extent does not require an answer. To the extent the allegations in Paragraph 119 require an answer, Danone denies that Plaintiff or any putative class member was injured or is entitled to any damages.  Danone also lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 119 of the FAC and on that basis denies each and every allegation in Paragraph 119.

**Fraud**

120.     Danone incorporates by reference and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-119 above.

121.    Danone admits that Products contained the desired characterizing ingredient and/or flavor and contained sufficient independent amounts of the same. Danone denies each and every remaining allegation in Paragraph 121 of the FAC.

122.    Danone denies each and every allegation in Paragraph 122 of the FAC.

123.    Danone denies that Plaintiffs or any putative class member were injured or are entitled to any damages. To the extent the allegations in Paragraph 123 of Plaintiffs' FAC contains legal conclusions or questions of law, they do not require an answer. Danone lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 123 of the FAC and on that basis denies them.

## Unjust Enrichment

124.    Danone incorporates by reference and repleads all of the admissions, denials, and allegations contained in Paragraphs 1-123 above.

125.    Danone denies each and every allegation in Paragraph 125 of the FAC.

## JURY DEMAND AND REQUEST FOR RELIEF

126.    Danone denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief.

127.    Danone respectfully makes a demand for a trial by jury on all claims and issues so triable.

## GENERAL DENIAL

Except as expressly admitted above, Danone denies each and every allegation contained in the FAC.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and expressly denying any and all wrongdoing, Danone alleges the following additional reasons why Plaintiffs and the purported classes are not entitled to any relief:

## FIRST AFFIRMATIVE DEFENSE

### (Equitable Relief Unavailable)

Plaintiffs are not entitled to equitable relief because, if Plaintiffs are entitled to a remedy, which Danone denies, Plaintiffs have adequate legal remedies. No threat of immediate harm exists sufficient to support a grant of injunctive relief.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC fails to state a claim against Danone on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Performance of Duties)

Danone has fully performed any and all contractual, statutory, and other duties, and Plaintiffs are therefore estopped from asserting any cause of action against Danone.

## FOURTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Danone has substantially complied with the requirements of the law as they pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Actions Pursuant to Local, State or Federal Authority)

Danone is not liable for any acts or omissions undertaken by or at the direction of local, state or federal authority, including, without limitation, acts or omissions made in accordance with regulations, ordinances, statutes, and laws applicable at the time of the acts or omissions at issue.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Causes)

Any and all violations alleged in Plaintiffs' Complaint were the result of superseding or intervening causes arising from the acts or omissions of parties that Danone neither controlled nor had a legal right to control, and such alleged violations were not proximately or otherwise caused by any act, omission, or other conduct of Danone.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If Plaintiffs have suffered any damages or injury in fact, which Danone expressly denies, Danone alleges that Plaintiffs' recovery is barred by their failure to mitigate, reduce, or otherwise avoid damages or injuries.

## EIGHTH AFFIRMATIVE DEFENSE

### (Aggravation of Harm)

To the extent any harm exists, Danone is informed and believes and, on that basis, alleges that Plaintiffs' actions have aggravated such harm, and thus, any recovery from Plaintiffs' FAC for such harm should be barred or reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Based on Plaintiffs' conduct, Plaintiffs' claims are barred by the doctrine of equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

Based on Plaintiffs' conduct, Plaintiffs' claims are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

By virtue of Plaintiffs' unreasonable delay in commencing this action, which duly has caused prejudice to Danone, the FAC and each purported cause of action asserted therein are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The FAC and each and every purported claim against Danone is barred by the doctrine of unclean hands in that Plaintiffs' own actions have caused the damages Plaintiffs may have incurred, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Any award to the Plaintiffs in this action would constitute unjust enrichment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Improper)

Plaintiffs' FAC fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The FAC and the cause of action therein presented are vague, ambiguous, and uncertain. Danone reserves the right to add additional defenses as the factual bases for each of Plaintiffs' claims and allegations becomes known.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs are not entitled to an injunction to the extent Danone has already ceased the allegedly unlawful conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Violation of Right to Free Speech)

To the extent Plaintiffs purport to seek equitable relief to mandate the specific content of Danone's advertising or the content of the products labels, Plaintiffs' FAC  violates Danone's right to freedom of speech under the First Amendment of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set-off)

Any recovery by Plaintiffs should be offset and diminished by the value to the general public of the use of the products.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Are Not Available)

Plaintiffs' claims do not permit the recovery of punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Preemption)

All or some of the alleged causes of action in the FAC are preempted by federal law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitation)

All or some of Plaintiffs' claims and damages are barred, reduced, and/or limited by the applicable statutes of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Private Right of Action)

All or some of Plaintiffs' causes of action are unavailable because Plaintiffs do not have a private right of action to enforce the FDCA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Danone hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

WHEREFORE, having fully answered Plaintiffs' FAC, Danone prays for judgment as follows:

1. That Plaintiffs take nothing for their FAC and that the FAC be dismissed with prejudice;

2. That the requests for injunctive relief be denied;

3. That Danone be awarded its costs of suit;

4. That the request for attorneys' fees and costs by Plaintiffs and their counsel be denied; and,

For such other and further relief as the Court deems just and proper.

Dated: December 16, 2019                    Respectfully submitted,

                                            VENABLE LLP


                                            By:    /s/ Angel A Garganta
                                                 Angel A. Garganta (*pro hac vice*)
                                                 Amit Rana (*pro hac vice*)
                                                 101 California Street, Suite 3800
                                                 San Francisco, CA 94111
                                                 Tel: 415.653.3750
                                                 Fax: 415.653.3755

                                                 Elise M. Gabriel
                                                 1270 Avenue of the Americas
                                                 24th Floor
                                                 New York, NY 10020
                                                 Tel: 212-307-5500
                                                 Fax: 212-307-5598

                                                 *Attorneys for Defendant*